**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-5099**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD HATCHER,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-02-22-F)

─────────────

Submitted:  January 31, 2007          Decided:  March 13, 2007

─────────────

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

William Lee Davis, III, Lumberton, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Hatcher appeals the sentence imposed following remand for resentencing. In our prior decision, we affirmed Hatcher's convictions of one count of conspiracy to launder money and one count of money laundering, but vacated Hatcher's sentence and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). United States v. Hatcher, 132 F. App'x 468 (4th Cir. 2005).

On remand, the district court utilized the same Guidelines[*] calculations that were applied at Hatcher's initial sentencing — a total offense level of twenty-two, criminal history category I, and a sentencing range of forty-one to fifty-one months. At the resentencing hearing, Hatcher did not object to the Guidelines calculations. The district court sentenced Hatcher to forty-one months' imprisonment. Hatcher timely appealed. We affirm.

On appeal, Hatcher asserts that his sentence violates his Sixth Amendment rights because it is based on facts not found by the jury or admitted by him, and that the district court failed to comply with this court's mandate remanding for resentencing. He relies on the following language from the court's opinion:

> Here, the jury found Appellants guilty of money laundering, to which the guidelines assign a base Offense Level of 8, see United States Sentencing Guidelines

---

[*]U.S. Sentencing Guidelines Manual (2002).

- 2 -

Manual § 2S1.1(a)(2) (2002). The guidelines also prescribe a two-level enhancement because Appellants were convicted of violating 18 U.S.C.A. § 1956. See U.S.S.G. § 2S1.1(b)(2)(B). Accordingly, the jury verdicts authorized an Offense Level of 10. As each Appellant was assigned a Criminal History Category of I, the maximum authorized by the jury verdicts was 12 months' imprisonment. However, as noted above, . . . Hatcher and Kirk were sentenced to 41 months' imprisonment. The facts that gave rise to the enhancements resulting in these sentences were found by the district court, not by the jury. Therefore, under Hughes, the district court committed plain error and affected the Appellants' substantial rights when it imposed these sentences.

Hatcher, 132 F. App'x at 481. He argues that this part of the court's opinion established the Guidelines offense level and sentencing range, and the district court was not permitted to deviate from this range in resentencing him. Hatcher does not challenge the accuracy of the district court's factual findings and resultant Guidelines determinations.

Contrary to Hatcher's assertions, our opinion did not prescribe the sentencing range to be used on remand. Rather, we only referenced specific offense levels in the context of describing the Booker error. Our specific guidance to the district court was stated as follows: "We therefore exercise our discretion to notice the error and remand . . . for resentencing consistent with the instructions set forth in [United States v. ]Hughes[, 401 F.3d 540, 546 (4th Cir. 2005)]." Hatcher, 132 F. App'x at 482. The district court fully complied with and followed this mandate.

After Booker, a district court is no longer bound by the range prescribed by the Sentencing Guidelines. Hughes, 401 F.3d at

546. However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable Guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006).

The district court explicitly treated the Guidelines as advisory, and sentenced Hatcher only after considering the Sentencing Guidelines and the § 3553(a) factors. Although the district court did not recite facts to support each § 3553(a) factor, the court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." <u>Johnson</u>, 445 F.3d at 345. Thus, the Sixth Amendment error that occurred at the first sentencing was cured by Hatcher's resentencing under an advisory Guidelines scheme. We also conclude that Hatcher's sentence is reasonable.

We therefore affirm Hatcher's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
